## In the Matter of NATHAN WILLNER, Petitioner.

First Department, December 19, 1968.

*Herbert Monte Levy* of counsel (*Hofheimer, Gartlir, Hofheimer, Gottlieb & Gross,* attorneys), for petitioner.

*Daniel M. Cohen* of counsel (*Louis J. Lefkowitz, Attorney-General*), for the Committee on Character and Fitness.

*Per Curiam.* The basic question raised on this motion is whether the petitioner was afforded due process by the Committee on Character and Fitness. The elements of due process as applies to this proceeding are (1) notice of the charges, and (2) an opportunity of confrontation of his accusers. There is no question but that the latter element was fully complied with. As to the former, although no formal charges were presented, we find that the applicant was not only fully aware of the nature of the charges that he was obliged to meet, but that " he knew exactly and specifically what the charges were ".* He came prepared to meet these charges, accompanied by counsel. As indicated, he was given the opportunity of confrontation; he availed himself of the right to cross-examine his accusers and was also given the opportunity to

---

* These charges were specifically listed in a footnote to Justice Harlan's dissenting opinion in *Willner* v. *Committee on Character* (373 U. S. 96, 110 and 111).

rebut their testimony and testified in his own behalf in an attempt to do so. The colloquy at the end of the hearing between his counsel and the Chairman of the committee is of great significance in determining whether any complaint of failure to afford due process has any merit. It is as follows:

" Mr. Wadmond: Mr. Waldman, since this is April 13th and April 15th is the date for filing Federal Income Tax returns, do you want an adjournment to have any further hearing?

" Mr. Waldman: No.

" Mr. Wadmond: Do you want any further confrontation?

" Mr. Waldman: No, sir, I want nothing more. ·

" Mr. Wadmond: You want nothing more of this Committee:

" Mr. Waldman: Right.

" Mr. Wadmond: In your opinion this Committee has given Mr. Willner all that you think this Committee should give him by way of a hearing de novo?

" Mr. Waldman: Yes, sir. I do. And I say again that under all of the circumstances the man should be judged by his record over the years, about 30 years ".

After such statement the petitioner will not be heard to complain of a failure to afford him either procedural or constitutional rights.

Inasmuch as we find there is ample support in the evidence for the conclusions of the committee, the motion must be denied in all respects.

BOTEIN, P. J., TILZER, McGIVERN, RABIN and McNALLY, JJ., concur.

Motion for admission to the Bar without certificate of character and fitness and for other relief denied in all respects.